O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALFREDO MEDINA,                    )      NO. ED CV 07-0531-CT
                                   )
            Plaintiff,             )      OPINION AND ORDER
                                   )
       v.                          )
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER, SOCIAL SECURITY      )
ADMINISTRATION,                    )
                                   )
            Defendant.             )
                                   )
_____   )

     For the reasons set forth below, it is ordered that judgment

be entered in favor of defendant Commissioner of Social Security

("the Commissioner") because the Commissioner's decision is

supported by substantial evidence and is free from material legal

error.

                    SUMMARY OF PROCEEDINGS

     On May 11, 2007, plaintiff, Alfredo Medina ("plaintiff"),

filed a complaint seeking judicial review of the denial of benefits

by the Commissioner pursuant to the Social Security Act ("the

Act").  The parties consented in writing to proceed before the

magistrate judge.  On August 23, 2007, plaintiff filed a brief in

1  support of the complaint.  On October 1, 2007, the Commissioner

2  filed an opposition brief.

3                    SUMMARY OF ADMINISTRATIVE RECORD

4      1.  Proceedings

5      On September 30, 2004, plaintiff filed an application for

6  disability insurance benefits, alleging disability since August 13,

7  2004 due to hypertension, diabetes, high cholesterol, body pain and

8  numbness in extremities, dizziness, pain in eyes and head, stomach

9  ulcer, memory and concentration loss, depression, anxiety, insomnia

10  and impotence.  (TR 18, 88-97).[1]  The application was denied

11  initially and upon reconsideration.  (TR 18, 34, 36, 46-50, 53).

12      Plaintiff filed a request for a hearing, and on August 29,

13  2006 plaintiff, appearing pro se, testified before an ALJ.  (TR

14  309-320).  On October 10, 2006, the ALJ issued a decision that

15  plaintiff's diabetes mellitus and impairments of the

16  musculoskeletal system were severe impairments, but that he was

17  capable of performing a range of medium work, which enabled him to

18  perform his past relevant work as an auto parts order filler.

19  Accordingly, the ALJ found that plaintiff was not disabled, as

20  defined by the Act, and thus was not eligible for benefits.  (TR

21  18-23).  Plaintiff's request to the Social Security Appeals Council

22  to review the ALJ's decision was denied on February 28, 2007.  (TR

23  3).  Accordingly, the ALJ's decision stands as the final decision

24  of the Commissioner.  Plaintiff subsequently sought judicial review

25

26      [1]  "TR" refers to the transcript of the record of
   administrative proceedings in this case and will be followed by
27  the relevant page number(s) of the transcript.

28                                    2

in this court.

    2.  <u>Summary Of The Evidence</u>

    The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence in the case.

<u>PLAINTIFF'S CONTENTIONS</u>

1.    The ALJ failed to properly consider his treating physicians' opinions regarding plaintiff's mental impairment;

2.    The ALJ failed to properly consider the consultative psychiatric examination;

3.    The ALJ erred in finding plaintiff's mental impairment to be non-severe; and,

4.    The ALJ failed to consider or discuss the third party statement of plaintiff's sister-in-law, Juanita Contreras.

<u>STANDARD OF REVIEW</u>

    Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

    When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not

3

1  substitute its judgment for that of the Commissioner.  <u>Flaten v.</u>

2  <u>Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th

3  Cir. 1995).

4                          <u>DISCUSSION</u>

5      1.   <u>The Sequential Evaluation</u>

6      A person is "disabled" for the purpose of receiving social

7  security benefits if he or she is unable to "engage in any

8  substantial gainful activity by reason of any medically

9  determinable physical or mental impairment which can be expected to

10 result in death or which has lasted or can be expected to last for

11 a continuous period of not less than 12 months."  42 U.S.C.

12 §423(d)(1)(A).

13     The Commissioner has established a five-step sequential

14 evaluation for determining whether a person is disabled.  First, it

15 is determined whether the person is engaged in "substantial gainful

16 activity."  If so, benefits are denied.

17     Second, if the person is not so engaged, it is determined

18 whether the person has a medically severe impairment or combination

19 of impairments.  If the person does not have a severe impairment or

20 combination of impairments, benefits are denied.

21     Third, if the person has a severe impairment, it is determined

22 whether the impairment meets or equals one of a number of "listed

23 impairments." If the impairment meets or equals a "listed

24 impairment," the person is conclusively presumed to be disabled.

25     Fourth, if the impairment does not meet or equal a "listed

26 impairment," it is determined whether the impairment prevents the

27 person from performing past relevant work.  If the person can

28                              4

1  perform past relevant work, benefits are denied.

2      Fifth, if the person cannot perform past relevant work, the

3  burden shifts to the Commissioner to show that the person is able

4  to perform other kinds of work.  The person is entitled to benefits

5  only if the person is unable to perform other work.  20 C.F.R. §

6  404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

7      2.   Mental Impairment (Issues 1-3)

8      Plaintiff contends that the ALJ erred in finding his

9  depression and anxiety to be non-severe because the ALJ failed to

10 properly consider both the discussion of his depression and anxiety

11 in his doctors' treatment notes and the findings of Dr. Reynaldo

12 Abejuela, who conducted a psychiatric examination of plaintiff on

13 January 24, 2005.

14     A severe impairment or combination of impairments is one which

15 significantly limits the physical or mental ability to perform

16 basic work activities.  20 C.F.R. § 404.1520(c); see also 20 C.F.R.

17 § 404.1521(b)(describing basic work activities).  A plaintiff is

18 not required to establish total disability at this level of the

19 evaluation.  Rather, the severe impairment requirement is a

20 threshold element that plaintiff must prove in order to establish

21 disability within the meaning of the Act.   Bowen v. Yuckert, 482

22 U.S. 137, 146 (1987).  An impairment will be considered non-severe

23 when medical evidence establishes only a "slight abnormality or a

24 combination of slight abnormalities which would have no more than a

25 minimal effect on the individual's ability to work even if the

26 individual's age, education, or work experience were specifically

27 considered."  Social Security Ruling 85-28; Bowen v. Yuckert, 482

28                                      5

1  U.S. at 154 n.12.

2      Alleged mental impairments are evaluated under the same

3  sequential analysis as physical impairments.  Once the Commissioner

4  determines that a mental impairment exists, the Commissioner must

5  then evaluate the degree of functional loss it causes by rating

6  plaintiff's level of functional limitation in four areas:

7  (1) activities of daily living; (2) social functioning;

8  (3) concentration, persistence, and pace; and (4) deterioration or

9  decompensation in work or work-like settings.  If an individual's

10  limitations are rated as mild in the first three areas and the

11  individual has had no episodes of deterioration or decompensation,

12  the mental impairment will normally be found to be not severe.  20

13  C.F.R. § 404.1520a.

14      Here, the ALJ found, after considering all the evidence of

15  record,  that the evidence was insufficient "to establish the

16  presence of a severe mental impairment."  (TR 20).  As the ALJ

17  noted, this finding is supported by the opinions of the state

18  agency physicians, who reviewed plaintiff's records, and Dr.

19  Abejuela.  (TR 268-70, 291, 308).  See Thomas v. Barnhart, 278 F.3d

20  947, 957 (9th Cir. 2002)("The opinions of non-treating or non-

21  examining physicians may also serve as substantial evidence when

22  the opinions are consistent with independent clinical findings or

23  other evidence of record").

24      Plaintiff contends that Dr. Abejuela's examination does not

25  support the ALJ's finding that plaintiff's mental impairment is

26  non-severe.  However, as plaintiff concedes, Dr. Abejuela found

27  that plaintiff's mental impairment has only a slight to mild impact

28                          6

on areas of workplace functioning.  (TR 268-69).  This describes a
non-severe impairment.  See 20 C.F.R. § 404.1520a.  Indeed, Dr.
Abejuela emphasized that his slight to mild findings were in spite
of the fact that plaintiff was seeing no psychiatrist and taking no
psychiatric medications at the time of the examination.  (TR 269).
Dr. Abejuela also noted that plaintiff "agreed that his main
problem is the physical problem and that is why he is applying for
disability."  (Id.)

Plaintiff also contends that the ALJ failed to properly
consider his treating physicians' "opinions" concerning his
depression and anxiety contained in their treatment notes.  While
an ALJ is not bound by the opinions of plaintiff's treating
physicians, he must provide clear and convincing reasons for
rejecting an uncontradicted opinion of a treating physician and
specific and legitimate reasons for rejecting a treating
physician's opinion that is contradicted by the opinions of other
doctors.  See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
1989)(citations omitted).

However, in this case the treatment notes -- most of which are
from a time period when plaintiff was admittedly working -- contain
no opinions as to limitations caused by plaintiff's depression and
anxiety.  Instead, these scattered reports essentially restate
plaintiff's subjective complaints and reports.[2]  (See TR 160-63,
183-84, 188-89).  Plaintiff points to the fact that at times
plaintiff's doctors apparently prescribed Paxil and Prozac.  (See

---

[2]The ALJ found that plaintiff's allegations not entirely
credible (TR 22), a finding not challenged here.

1   TR 160, 189).  This fact does not demonstrate that plaintiff has a
2   severe mental impairment.  As discussed above, in January of 2005,
3   plaintiff reported to Dr. Abejuela that he was seeing no
4   psychiatrists and taking no psychiatric medications.

5       In fact, Dr. Abejuela reviewed and considered plaintiff's
6   medical records as part of his consultative psychiatric exam and
7   assessment of plaintiff.  Dr. Abejuela specifically discussed the
8   findings of Dr. Francisco Torres, a physician to whom plaintiff was
9   referred for a neurology examination.  As Dr. Abejuela observed,
10  Dr. Torres reported that plaintiff was referred to him "because he
11  has developed some kind of anxiety."  (TR 163, 264-65).  Dr.
12  Torres' exam was essentially normal and he found no neurological
13  deficits with the exception of possible mild peripheral neuropathy.
14  (TR 163-64).  Dr. Abejuela noted that Dr. Torres' recommended
15  treatment was for plaintiff to take vitamins.  (TR 164, 268).

16      The record indicates that plaintiff is no longer working
17  because he was laid off from his job, not because he has a severe
18  and disabling mental impairment.  The date plaintiff alleges that
19  he became disabled and could no longer work is the date plaintiff
20  was laid off from his job. (TR 89, 312).  Plaintiff reported to his
21  physician that his depression was secondary to work stress related
22  to his impending layoff.  (TR 182).  Plaintiff's doctor told him he
23  could not give him disability, but suggested that the state may
24  provide assistance so plaintiff could find a new job.  (TR 184).

25      Thus, the ALJ correctly concluded that the record evidence,
26  including the treatment notes of plaintiff's doctors, does not
27  demonstrate a severe mental impairment.  The ALJ's finding that

28                                    8

1  plaintiff's alleged mental impairment was non-severe is supported

2  by substantial evidence and free from material legal error.

3       3.   Lay Witness Testimony (Issue 4)

4       Plaintiff also contends that the ALJ erred by failing to

5  consider the third party statement of his sister-in-law, Juanita

6  Contreras.  (TR 63-71).

7       In determining whether a plaintiff is disabled, an ALJ must

8  consider lay witness testimony concerning a plaintiff's ability to

9  work.  Stout v. Commissioner of Soc. Security Admin., 454 F.3d

10  1050, 1053 (9th Cir. 2006).  Lay testimony "as to a [plaintiff's]

11  symptoms or how an impairment affects ability to work is competent

12  evidence . . . and therefore cannot be disregarded without

13  comment."  Id. (citations omitted).  Consequently, "[i]f the ALJ

14  wishes to discount the testimony of the lay witness, he must give

15  reasons that are germane to each witness for doing so."  Id.

16  (citations omitted).

17       In Stout, the court held that the ALJ erred in failing to

18  discuss lay testimony concerning how the plaintiff's impairments

19  impacted his ability to work.  454 F.3d at 1054.  The lay testimony

20  was not contradicted by the medical evidence.  Id. at 1053.

21       Here, plaintiff's sister-in-law did not testify, but did

22  submit a third party statement.  In the statement, she claims to

23  have known plaintiff all her life and states that she sees him

24  "once a week," and that "we talk, and have family gatherings."  (TR

25  63).  She essentially mirrors plaintiff's allegations concerning

26  his physical limitations due to his pain and fatigue.  (Compare TR

27  68 with TR 77).  She states that plaintiff can walk only a few feet

28                                    9

1  before having to rest for 10 minutes.  (Id.)

2      The ALJ considered all the evidence of record in assessing

3  plaintiff's residual functional capacity and considered all

4  symptoms and the extent to which the symptoms were consistent with

5  the objective medical evidence and other evidence.  (TR 21).  The

6  ALJ did not specifically discuss the third party statement of

7  plaintiff's sister-in-law, but did give specific reasons for

8  finding plaintiff's essentially identical allegations less than

9  fully credible. (TR 22-23).

10      The ALJ did not materially err in failing to explicitly

11  discuss the statement of plaintiff's sister-in-law for a number of

12  reasons.  First, unlike the testimony in Stout given by the

13  plaintiff's boss/co-worker and his sister, witnesses who had

14  personal knowledge of the plaintiff's limitations relating to

15  workplace functioning, the statements of petitioner's sister-in-law

16  concerning plaintiff's daily activities are not competent evidence,

17  as she candidly admits that she does not know what plaintiff does

18  during the day.  (TR 63).

19      Second, unlike the lay testimony in Stout, the sister-in-law's

20  statements concerning petitioner's physical limitations are not

21  uncontradicted.  Ms. Contreras stated that plaintiff could not walk

22  more than 10-12 feet without having to rest and getting out of

23  breath.  (TR 68).  In contrast, after a thorough consultative

24  examination, Dr. Adi Klein, a board certified internal medicine

25  specialist, found that plaintiff had normal lungs, heart function,

26  strength, and a normal gait, and concluded that plaintiff could

27  walk for six out of eight hours a day with appropriate breaks, a

28                              10

finding consistent with the ALJ's assessment of plaintiff's residual functional capacity. (TR 21, 276-77).  Similarly, Ms. Contreras asserted that plaintiff has problems with concentration and completing tasks, but Dr. Abejuela found that plaintiff had no mental restriction in his daily activities and only a slight impairment in his concentration, persistence and pace.  (TR 268-69).

Third, the third party statement of plaintiff's sister-in-law simply restates plaintiff's own allegations and is relevant to the credibility of those allegations.  See 20 C.F.R. § 404.1529(in evaluating symptoms, Commissioner will consider, inter alia, information provided by other persons); Social Security Ruling 96-7p (in determining credibility of allegations regarding symptoms, the ALJ must consider the entire record, including statements by other persons about the symptoms and how they affect an individual).  The ALJ specifically provided reasons for finding the nearly identical allegations of plaintiff less than credible.  (TR 22-23).  *In this case plaintiff does not challenge the ALJ's finding as to the credibility of his allegations*.  Accordingly, the court finds that any error in the ALJ's failure to specifically discuss the similar statements of plaintiff's sister-in-law was harmless.  See Stout, 454 F.3d at 1054 (failure to discuss uncontradicted lay testimony harmless where no reasonable ALJ, when fully crediting the testimony, would have reached a different result).

In Robbins v. Commissioner, 466 F.3d 880 (9th Cir. 2006), the court applied the Stout court's harmless error analysis to the

11

1  ALJ's failure to discuss plaintiff's son's testimony concerning

2  plaintiff's limitations.  466 F.3d at 885.  Although the ALJ had

3  discussed the similar testimony by plaintiff's daughter, the

4  Robbins court found the failure to discuss the son's testimony was

5  not harmless error under the Stout test.  Id.  The Robbins court

6  based its finding on the fact that the ALJ also failed to properly

7  consider Robbins' own testimony and that the son's testimony, if

8  credited, would add substantial weight to the allegations of the

9  plaintiff and other lay witnesses.  Id.  The court explained:

10  "[b]ecause the ALJ did not make a legally sufficient adverse

11  credibility finding with regard to Robbins's own testimony, we

12  cannot say that 'no reasonable ALJ, when fully crediting the

13  testimony, could have reached a different disability

14  determination.'"  Id. (quoting Stout, 454 F.3d at 1056).  Here, in

15  contrast, the ALJ's credibility finding with respect to plaintiff's

16  testimony is not challenged.

17      The ALJ did not materially err in his consideration of the

18  third party statement of plaintiff's sister-in-law.

19                            CONCLUSION

20      If the evidence can reasonably support either affirming or

21  reversing the Commissioner's conclusion, the court may not

22  substitute its judgment for that of the Commissioner.  Flaten v.

23  Secretary of Health and Human Services, 44 F.3d at 1457.

24      After careful consideration of the record as a whole, the

25  magistrate judge concludes that the Commissioner's decision is

26  supported by substantial evidence and is free from material legal

27  error.  Accordingly, it is ordered that judgment be entered in

28                                 12

1   favor of the Commissioner.

2

3   DATED: October 10, 2007                    CAROLYN TURCHIN
                                               _____
4                                              CAROLYN TURCHIN
                                               UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    13